THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLONY INSURANCE COMPANY,

Plaintiff,

vs.

SKY RIDGE DEVELOPMENTS, LLC,

Defendant.

Case No. 2:25-cv-01260 JLR

[PROPOSED]
ORDER FOR DEFAULT JUDGMENT
AGAINST DEFENDANT SKY RIDGE
DEVELOPMENTS, LLC

I.    INTRODUCTION

THIS MATTER came before the Court on Plaintiff Colony Insurance Company's ("Colony's") Motion For Default Judgment Against Defendant Sky Ridge Developments, LLC ("Sky Ridge"). The Court has reviewed Colony's motion, the relevant filings and pleadings of record in this matter, and the governing law, including:

1.    Plaintiff's Motion for Entry of Default Against Defendant Sky Ridge Developments, LLC (Dkt. #15);

2.    Declaration of Robert A. Radcliffe in Support of Plaintiff's Motion for Entry of Default and all exhibits attached thereto (Dkt# 16);

3.    Order of Default (Dkt #17);

4.    Motion For Default Judgment Against Defendant Sky Ridge Developments, LLC;

ORDER FOR DEFAULT JUDGMENT – 1
USDC WAWD CASE NO. 2:25-cv-01260 JLR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101
TEL (206) 624-1800 | FAX (206) 624-3585

5.      Declaration Of Robert A. Radcliffe In Support Of Plaintiff's Motion For Default Judgment and all exhibits attached thereto.

The Court finds there is good cause to enter default judgment in favor of plaintiff Colony Insurance Company against defendant Sky Ridge Developments, LLC, as follows.

## II.      BACKGROUND

Colony brings a single claim against Sky Ridge seeking a legal declaration that it has no duty to defend or indemnify Sky Ridge with respect to an arbitration proceeding ("Underlying Action") commenced by Trueline Capital Fund II, LLC ("Trueline") against Sky Ridge.  The Underlying Action concerns a multiple-unit townhome development located in Seattle, Washington for which Sky Ridge is the owner and developer and Trueline is the construction lender pursuant to a construction loan agreement.

In the Underlying Action, Trueline alleges that Sky Ridge submitted draw requests in the amount of approximately $1.8 million for underground electrical, sewer and water facilities work that had neither commenced nor completed in the time from of the draw requests.  Trueline further alleges that above-ground construction of 23 units ("Phase I") had been completed but were unusable because underground utilities had not been installed and connected.  Trueline further alleges that it sustained consequential damages in the amount of $12,982,718.25 due to the loss of use of the Phase I units while waiting for underground utilities to be installed and connected.  Trueline's claims against Sky Ridge are based on theories of negligence and contractual indemnity.

Colony, a foreign insurance company, issued a commercial general liability insurance policy to Sky Ridge as named insured, in effect from March 27, 2020 to September 27, 2023.  Colony was notified of the Underlying Action on July 16, 2024, and issued a reservation of rights

ORDER FOR DEFAULT JUDGMENT – 2
USDC WAWD CASE NO. 2:25-cv-01260 JLR

letter to Sky Ridge on February 20, 2025, notifying Sky Ridge it would defend the Underlying Action under a reservation of rights to decline coverage, consistent with Washington law. "When the facts or the law affecting coverage is disputed, the insurer may defend under a reservation of rights until coverage is settled in a declaratory action." *Am. Best Food, Inc. v. Alea London, Ltd.,* 168 Wn.2d 398, 405, 229 P.3d 693 (2010). Colony filed the present action to determine coverage while defending Sky Ridge in the Underlying Action. On December 3, 2025, Colony filed a motion for entry of default against Sky Ridge (Dkt #15), and on December 4, 2025, the Clerk entered an order of default (Dkt. #16).

### III.   ANALYSIS

**A.   Jurisdiction**

As a preliminary matter, a court evaluating a motion for default judgment "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). The court concludes that it has jurisdiction to decide Colony's motion.

First, the court has diversity jurisdiction over this action because there is complete diversity between the parties and the amount in controversy is over $75,000. (Dkt #9 ¶¶ 2.1 – 2.2); 28 U.S.C. § 1332. Second, the court has federal question jurisdiction over this action because Colony seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. #9 ¶ 2.4) Finally, the court has personal jurisdiction over the parties because Colony has consented to jurisdiction and Sky Ridge is a Washington limited liability company conducting business in Washington, and Sky Ridge has been duly served with the Summons and Complaint and Amended Complaint. (Dkt. #4, #10.) Thus, the Court has jurisdiction to decide Colony's motion.

ORDER FOR DEFAULT JUDGMENT – 3
USDC WAWD CASE NO. 2:25-cv-01260 JLR

**B.   Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter default judgment against a defaulted defendant upon the plaintiff's motion. Fed. R. Civ. P. 55(a), (b)(2). After the court enters default, the well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, courts in the Ninth Circuit consider the seven "*Eitel* factors": (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). If the court determines that default judgment is appropriate, it must then determine the amount and character of the relief that should be awarded. *See TeleVideo*, 826 F.2d at 917-18.

**C.   The *Eitel* Factors**

The *Eitel* factors weigh in favor of the court granting Atlantic's motion for default judgment.

**1       Possibility of Prejudice to Colony**

Under the first *Eitel* factor, the court considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Without default judgment, Colony will suffer prejudice because it will

ORDER FOR DEFAULT JUDGMENT – 4
USDC WAWD CASE NO. 2:25-cv-01260 JLR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101
TEL (206) 624-1800 | FAX (206) 624-3585

"be denied the right to judicial resolution" of its claims and will be "without other recourse for recovery." *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Thus, the first *Eitel factor weighs in favor of entering default judgment.*

### 2.    Substantive Merits and Sufficiency of the Complaint

The second and third factors favor default judgment. "The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing *PepsiCo*, 238 F. Supp. 2d at 1175).  For these factors to weigh in favor of default judgment, the complaint's allegations must state a claim for relief. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A complaint satisfies this standard when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). At the default judgment stage, the court "must take the well-pleaded factual allegations [in the complaint] as true." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Colony seeks declaratory relief.  The Declaratory Judgment Act requires that a party seeking declaratory relief alleges (1) an actual controversy (2) regarding a matter within the federal subject matter jurisdiction. 28 U.S.C. § 2201(a).  A request for declaratory relief alleges an actual controversy when the request is "definite and concrete, touching the legal relations of parties having adverse legal interest," and when it allows for specific and conclusive relief. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

Colony's request for a judicial determination that Colony has no duty to defend or indemnify under the Policy is sufficiently "definite and concrete" to plead an actual controversy. The First Amended Complaint alleges specific facts showing a right to relief, including the

ORDER FOR DEFAULT JUDGMENT – 5
USDC WAWD CASE NO. 2:25-cv-01260 JLR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101
TEL (206) 624-1800 | FAX (206) 624-3585

relevant Policy provisions, Sky Ridge's tender of coverage, and the Complaint in Arbitration filed in the Underlying Action. Dkt. #9 at ¶¶ 3.1 – 5.13. Colony also sufficiently states a claim for a declaratory judgment that it is under no obligation to defend or indemnify Sky Ridge in the Underlying Action because the Policy does not provide coverage, as discussed in detail above. Because Colony sufficiently states a claim for relief, the second and third *Eitel* factors favor entering default judgment.

### 3. Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Where the declaratory relief sought implicates the parties and merits of a separate action, courts have considered the amount at stake in that separate action. *United Fin. Cas. Co. v. Rapid Age Grp. LLC,* 2024 U.S. Dist. LEXIS 91992 at (W.D. Wash. May 22, 2024)(compiling cases). Here, the sums of money at stake in the Underlying Action weigh in favor of default judgment. On one hand, Sky Ridge presumably would benefit from continuing to have its defense paid for by an insurer and from having available the $1 million per-occurrence limit of liability under the Policy.[1] On the other hand, Sky Ridge's interest is based on an interest in insurance coverage for a claim that in fact is not covered under the Policy. CIC, on the other hand, could be exposed to substantial liability for a claim this is not covered if default is not granted. Moreover, Sky Ridge has appeared through counsel who, pursuant to Washington's receivership statute, has a duty to protect the assets of the receivership estate, and counsel has not answered or otherwise defended

---

[1] *See,* Dkt. #1-2 at 31.

ORDER FOR DEFAULT JUDGMENT – 6
USDC WAWD CASE NO. 2:25-cv-01260 JLR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101
TEL (206) 624-1800 | FAX (206) 624-3585

this action.  The amount of money in dispute in the Underlying Action thus does not weigh against entry of default judgment.

### 4.    Possibility of a Dispute over Material Facts

Courts evaluating the fifth *Eitel* factor "consider[] the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis*, 33 F. Supp. 3d at 1212. Because default already has been entered against Sky Ridge, the fifth *Eitel* factor strongly weighs in favor of default judgment.

### 5.    Excusable Neglect

Under the sixth *Eitel* factor, courts consider the possibility that the defendant's default resulted from excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177.  There is no excusable neglect here.   Colony properly served Sky Ridge with the Summons and Complaint, stipulated to additional time for Sky Ridge to answer, and gave defense counsel nearly a full month's notice of intent to move for default.  *See,* Dkt. #16.  There is no evidence that would support a finding that Sky Ridge's failure to answer is the result of excusable neglect. Accordingly, the sixth *Eitel* factor weighs in favor of default judgment.

### 6.    Policy Favoring Decisions on the Merits

The final *Eitel* factor is the only one that arguably weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Where a defendant fails to defend itself in the action, however, the policy favoring decisions on the merits is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1177.  Moreover, as discussed above, the terms of the Policy issued by Colony to Sky Ridge demonstrate that the Policy does not cover

ORDER FOR DEFAULT JUDGMENT – 7
USDC WAWD CASE NO. 2:25-cv-01260 JLR

the Underlying Action. Therefore, the seventh *Eitel* factor does not preclude entry of default judgment.

Consequently, because the majority of *Eitel* factors either favor or do not weigh against entry of default judgment, the Court should enter a default judgment against Sky Ridge.

**D.     Requested Relief**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962). Furthermore, a party seeking default judgment must submit "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2).

Here, Colony's request for default judgment does not differ in kind from the relief requested in the complaint.  (*Compare* Proposed Order and Dkt. #9 at 18)(seeking a declaration that Colony "has no duty to defend or indemnify for the claims in the Underlying Arbitration, and that Colony may withdraw from the defense of the Underlying Arbitration.")  In addition, Colony has filed a declaration setting forth facts supporting its request for declaratory relief.  *See,* Declaration of Robert A. Radcliffe in Support of Plaintiff's Motion for Default Judgment.  Thus, the court finds that Colony is entitled to a declaratory judgment that it is under no obligation to defend or indemnify Sky Ridge in the Underlying Action.

//

//

//

//

//

ORDER FOR DEFAULT JUDGMENT – 8
USDC WAWD CASE NO. 2:25-cv-01260 JLR

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Colony's motion for entry of default judgment against Sky Ridge. The court DECLARES that Colony Insurance Company does not, and will not, owe an obligation to further defend or to indemnify Sky Ridge with respect to the Underlying Action by Trueline against Sky Ridge.

DATED: March 17, 2026

_____
JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

SOHA & LANG, P.S.

*s/ Robert a. Radcliffe*
Robert A. Radcliffe, WSBA #19035
Geoffrey C. Bedell, WSBA #28837
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
Tel: (206) 624-1800
Email: radcliffe@sohalang.com; bedell@sohalang.com
*Attorneys for Plaintiff Colony Insurance Company*

ORDER FOR DEFAULT JUDGMENT – 9
USDC WAWD CASE NO. 2:25-cv-01260 JLR